UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BAKER, *individually and on behalf of the present and future inmates of Henry County Jail,* | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 1:16-cv-03026-JMS-MPB |
| *vs.* | ) ) | |
| RICHARD MCCORKLE, *individually and in his official capacity as Sheriff of Henry County,* BRUCE BAKER, KIM CRONK, ED YANOS, RICHARD BOUSLOG, ROBIN RENO-FLEMING, STEVEN DUGGER, NATHAN LAMAR, CLAY MORGAN, MICHAEL THALLS, HAROLD GRIFFIN, HENRY COUNTY COMMISSIONERS, and HENRY COUNTY COUNCIL, | ) ) ) ) ) ) ) ) ) ) | |
| *Defendants.* | ) | |

**ORDER**

Plaintiff Christopher Baker initiated this putative class action while an inmate at the Henry County Jail (the "Jail"). He alleges that his constitutional rights are being violated because the Jail is overcrowded. [*See* Filing No. 1.] Several pending motions are now ripe for the Court's decision, and are addressed below.

**I.**

**BACKGROUND**

The original Complaint in this case was filed by Plaintiffs Hannah Heinrich, Alton Taylor, III, Kimberly Mullins, James Kent, and Mr. Baker. [Filing No. 1.] On February 13, 2017, Plaintiffs sought to amend their Complaint to remove three of the five original Plaintiffs and to add five new Plaintiffs. [Filing No. 47-1.] On March 2, 2017, the Court denied Plaintiffs' Motion to Amend Complaint, [Filing No. 47], finding that Plaintiffs' motion was untimely, that allowing

Plaintiffs to amend their Complaint outside of the deadline for doing so would prejudice Defendants, and that allowing amendment would be futile because Plaintiffs had not argued that the five Plaintiffs they sought to add through their proposed Amended Complaint had exhausted their administrative remedies before the lawsuit was filed – a requirement under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"). [*See* Filing No. 62 at 2-5.]

In the meantime, Defendants – Sheriff Richard McCorkle, Henry County Commissioners, Henry County Council, and several individual Henry County Commissioners and Council members – moved for summary judgment on Plaintiffs' claims. [Filing No. 42.] Defendants argued that none of the Plaintiffs had exhausted their administrative remedies because they did not file grievances related to the issues raised in the Complaint. [Filing No. 43 at 4-5.] The Court granted Defendants' motion in part and denied it in part, finding that: (1) Ms. Heinrich, Mr. Taylor, and Ms. Mullins waived any argument that they had exhausted or were not required to exhaust their administrative remedies; (2) Plaintiffs did not claim that Mr. Kent exhausted his administrative remedies, or even filed a grievance, regarding jail overcrowding; and (3) Mr. Baker had filed a grievance which was potentially related to overcrowding, and the Court needed to hold a hearing regarding whether he had exhausted his administrative remedies in order to determine whether it could proceed to consider the merits of Mr. Baker's claims. [Filing No. 62 at 6-9.]

The Court held a hearing on March 7, 2017, the parameters of which were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). [Filing No. 67.] After the hearing, the Court held that: (1) the Jail's grievance procedure was sufficiently clear such that inmates were required to file initial grievances in order to exhaust their administrative remedies; (2) the Jail's appeals process was vague and unknown to inmates, so inmates were not required to appeal initial grievance decisions in order to exhaust their administrative remedies; (3) the issue of overcrowding

was beyond the control of Jail officials so, according to the grievance procedure set forth in the Inmate Handbook, Mr. Baker was not required to file a grievance related to overcrowding in order to exhaust his administrative remedies; (4) Mr. Baker was required to file grievances to complain about Jail conditions unrelated to overcrowding – including issues he raised in the Complaint relating to mold, not being permitted to use the recreation area, and being forced to sleep naked in a padded cell shared with another naked inmate – but did not do so; and (5) Mr. Baker may proceed with this litigation on the issues of overcrowding in his cell block and increased fighting caused by overcrowding.  [Filing No. 68.]

Having resolved the exhaustion issue as to Mr. Baker, his Motion for Class Certification, [Filing No. 13], and Motion for Preliminary Injunction, [Filing No. 15], remained pending.  Since the Court's Order on the *Pavey* hearing, Defendants have filed a Motion for Partial Summary Judgment on Claims for Injunctive and Declaratory Relief, [Filing No. 71], and Mr. Baker has filed four motions including: (1) a Motion to Reconsider Ruling Dismissing Named Plaintiffs, [Filing No. 69]; (2) a Motion for Clarification with Regard to the Status of Plaintiffs' Request for Class Certification and Declaratory Relief, [Filing No. 70]; (3) a Motion for Leave to Substitute Proposed Class Representative, [Filing No. 77]; and (4) a Motion to Delay Summary Judgment Ruling, [Filing No. 80].  The Court discusses each motion below, along with two other miscellaneous motions.  [Filing No. 26; Filing No. 27.].

## II.
### DISCUSSION

### A.  Mr. Baker's Motion to Reconsider Ruling Dismissing Named Plaintiffs

In his Motion to Reconsider Ruling Dismissing Named Plaintiffs, Mr. Baker argues that because the Court found after the *Pavey* hearing that "it was not necessary to file a grievance in order to exhaust administrative remedies regarding overcrowding or issues directly caused by

overcrowding," the Court should reconsider its decision to dismiss the claims of the other four original Plaintiffs – Ms. Heinrich, Mr. Taylor, Ms. Mullins, and Mr. Kent – to the extent those claims addressed overcrowding in the Jail or issues directly caused by overcrowding.  [Filing No. 69 at 3.]  Mr. Baker acknowledges that the argument that Plaintiffs did not need to file a grievance related to overcrowding "was not developed in earlier briefs," but states that the Court's "conclusion on exhaustion should apply to the parties who have been dismissed without prejudice."  [Filing No. 69 at 3-4.]  Mr. Baker sets forth the procedural history of the case, and asserts that "Defendants' challenges were addressed in a very short time period and Plaintiff's counsel was promptly developing evidence.  However, Defendants had not produced the inmate plaintiffs' packets or grievances, and there was no Initial Disclosure from Defendants prior to the briefing deadline."  [Filing No. 69 at 3.]

In their response, Defendants argue that Plaintiffs have set the pace of the proceeding, and that any argument that Defendants did not comply with discovery requests is without merit because Plaintiffs' counsel did not request inmate packets and there has not yet been a Rule 26(f) conference, no case management plan has been formulated, and there is no deadline for initial disclosures.  [Filing No. 75 at 2.]  Finally, Defendants argue that "the argument that overcrowding is not a grievable issue under the jail's grievance procedure was waived by the original plaintiffs in the summary judgment proceedings."  [Filing No. 75 at 2-3.]

Mr. Baker did not file a reply brief.

"Motions to reconsider 'are not replays of the main event.'"  *Dominguez v. Lynch*, 612 Fed. Appx. 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)).  A motion to reconsider is only appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the court by the parties, where

the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Because such problems "rarely arise," a motion to reconsider "should be equally rare." *Id.* at 1191.

Putting aside the issue of whether Mr. Baker can even raise the issue of reconsideration on behalf of the dismissed Plaintiffs, the Court finds that he has not presented any basis for reconsideration under the circumstances. Mr. Baker asks the Court to reconsider a ruling without setting forth any of the grounds that make reconsideration appropriate. Mr. Baker does not argue that the Court misunderstood a party, that the Court made a decision outside of the adversarial issues presented by the parties, that the Court has made an error of apprehension, or that a significant change in the law or the facts has occurred. His only basis for his motion is that the Court later found it was not necessary to file a grievance related to overcrowding, but he admits that the dismissed Plaintiffs did not raise that argument in response to Defendants' Motion for Summary Judgment. Mr. Baker seeks another bite at the apple, by relying on an argument that was not raised until after the dismissed Plaintiffs had been dismissed. In fact, the dismissed Plaintiffs waived that argument by failing to raise it, *United States v. Turcotte*, 405 F.3d 515, 536 (7th Cir. 2005) ("unsupported and undeveloped arguments are waived"), and cannot now rely on that argument in support of their Motion for Reconsideration.

The Court recognizes that Mr. Baker's counsel is passionate about the claims alleged in this action, and also recognizes that Defendants concede that the Jail is overcrowded. But this does not mean that Mr. Baker does not need to comply with procedural requirements. *See, e.g.*, *Stott v. I.R.S.*, 2014 WL 7338789, *1 (W.D. Wis. 2014) (procedural rules "are like the written rules of a game that insure that everyone is playing by the same rules"); *Kovilic Const. Co., Inc. v.*

*Missbrenner*, 106 F.3d 768, 770 (7th Cir. 1997) ("procedural rules are important and…infractions of those rules should not be tolerated by the courts.  Otherwise, the rules themselves will not be taken seriously, and eventually they may exist in name only, honored in the breach").  There are consequences to not raising an argument in response to a motion, and Ms. Heinrich, Mr. Taylor, Ms. Mullins, and Mr. Kent must face those consequences.  Mr. Baker's Motion to Reconsider Ruling Dismissing Named Plaintiffs, [Filing No. 69], is **DENIED**.

### B.  Mr. Baker's Motion to Delay Ruling on Summary Judgment Until Defendants Respond to Requests for Production

Before the Court discusses Defendants' Motion for Partial Summary Judgment, it will consider Mr. Baker's Motion to Delay Ruling on Summary Judgment Until Defendants Respond to Requests for Production.  [Filing No. 80.]  In his motion, Mr. Baker argues that: (1) his counsel served Defendants with a First Request for Production on January 3, 2017, and Defendants have not responded; (2) his counsel served Defendants with a Second Request for Production on March 2, 2017, and Defendants have not responded; (3) his counsel "granted an informal extension of one week to the Second Request"; (4) his counsel "left messages with Defendants' counsel [and] Defendants' counsel has yet to respond"; (5) Defendants' counsel "informed co-counsel on May 9th during a tour of the jail that he is still working on responding to the Plaintiffs' Requests for Production"; and (6) "Plaintiffs' counsel believes that Defendants' counsel is deliberately delaying their response to discovery in order to wait for the Court's ruling on the Summary Judgment Motion."  [Filing No. 80 at 1-2.]

In response, Defendants state that they provided a response to the First Request for Production on February 7, 2017, with a flash drive that contained copies of over 5,400 pages of documents.  [Filing No. 81 at 1-2.]  Defendants note that they also responded to requests for production addressed to the Board of Commissioners and the County Council, and provided over

700 pages of documents.  [Filing No. 81 at 2.]  Defendants argue further that on the day Mr. Baker filed his Motion to Delay Ruling, Defendants mailed their responses to the Second Request for Production and provided over 900 pages of documents along with a CD containing copies of more than 2,800 documents.  [Filing No. 81 at 2.]  Defendants argue that Fed. R. Civ. P. 37 provides a vehicle for resolving discovery disputes, and that "none of the materials requested by the plaintiff have anything to do with the issue in the pending motion for partial summary judgment, i.e. whether plaintiff Baker has standing to see[k] injunctive relief since he is no longer incarcerated in the jail.  This motion appears to be solely an effort to delay the proceedings for some unknown reason."  [Filing No. 81 at 2.]

Mr. Baker did not file a reply.

Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may…defer considering the motion or deny it…."  This is yet another example of Mr. Baker haphazardly filing a motion without even attempting to make the showing required by the rules.  Mr. Baker does not show how the requested material relates in any way to Defendants' Motion for Partial Summary Judgment.  His motion contains barely one page of substance, and he does not support the motion with an affidavit or declaration.  Additionally, it appears that the issues Mr. Baker raised in his motion have been resolved – Defendants indicated in their response that they did, in fact, respond to both Requests for Production and provided over 9,500 pages of copies of documents that fell within the requested information.  [See Filing No. 81.]  Mr. Baker did not file a reply brief in support of his motion, so the Court can assume that he agreed with the information in Defendants' response.  See Blackwell v. Cole Taylor Bank, 152 F.3d 666, 673 (7th Cir. 1998) (emphasizing that silence in a reply brief does not constitute waiver of the legal issue but "does constitute a waiver

of the specific factual contentions made by the opposing party in a brief filed earlier"). Mr. Baker's Motion to Delay Ruling on Summary Judgment Until Defendants Respond to Requests for Production, [Filing No. 80], is **DENIED**.[1]

### C. Defendants' Motion for Partial Summary Judgment on Plaintiff's Claim for Injunctive and Declaratory Relief

Defendants have moved for summary judgment on Mr. Baker's claims for injunctive and declaratory relief. [Filing No. 71.] They argue that because Mr. Baker has been released from the Jail, he "cannot demonstrate that he is in any immediate danger of sustaining further, direct injury as the result of any conduct of the defendants and any injunctive or declaratory relief the Court may issue would have no effect on him." [Filing No. 73 at 2.] Defendants argue that "[a] party who cannot demonstrate that an injunction will accomplish some tangible good in his favor has no standing to seek injunctive relief." [Filing No. 73 at 4.]

In response, Mr. Baker appears to concede that his individual claims for injunctive and declaratory relief are moot, but argues that the claims of the putative class members are not moot and also that Mr. Kent should be substituted as the Named Plaintiff. [Filing No. 76 at 2.] Mr. Baker argues that "[t]he need to substitute the putative class representative has arisen due to the Court's delay in certifying the class, and the Court's decision to dismiss Kent for failure to exhaust his administrative remedies shortly before ruling that he did not, in fact, have to file any grievances to pursue claims arising out of the overcrowding issue." [Filing No. 76 at 2.] Mr. Baker makes many of the same arguments that he made in support of his Motion to Substitute, and again argues

---

[1] Because Defendants have now provided significant discovery to Mr. Baker, the Court also **DENIES AS MOOT** Mr. Baker's Motion to Request an Order Foreshortening the Response Time for Discovery, [Filing No. 27]. To the extent that discovery disputes between the parties still exist, the parties must comply with all applicable rules before filing motions related to those disputes.

that the class claims in this case are not moot, but that Mr. Kent should be substituted for him as the Named Plaintiff.  [Filing No. 76 at 2-3.]

On reply, Defendants argue that this case is not "capable of repetition, yet evading review" as required for an exception to the mootness doctrine to apply, because Mr. Baker was incarcerated for at least 120 days before he filed the lawsuit, his damages claim would still be pending so his claim is not "evading review," and he cannot show that he will again be subjected to the same conditions of confinement because he has been released from the Jail.  [Filing No. 78 at 2.] Defendants argue that "capable of repetition, yet evading review" is the only argument Mr. Baker sets forth, so "presumably any argument based on any other theory has been waived."  [Filing No. 78 at 2.]

Article III of the Constitution grants federal courts jurisdiction over "cases and controversies[,]" and the standing doctrine is the tool used to identify which cases and controversies the federal judicial process can appropriately resolve.  *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).  Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "[T]he 'irreducible constitutional minimum' of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (internal citations omitted).

This Court's jurisdiction depends on "an actual controversy [that] must be extant at all stages of review, not merely at the time the complaint is filed."  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).  Thus, if the controversy defined by a legal claim is no longer live, or the parties lack a legally cognizable interest in the outcome, the claim is moot, and the

court must dismiss for want of jurisdiction. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions';…our impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy'") (internal citations omitted).

The parties appear to agree that Mr. Baker's individual claims for declaratory and injunctive relief are moot because he is no longer an inmate at the Jail. Mr. Baker's only response to Defendants' argument that his claims are moot is that the claims of the putative class members for declaratory and injunctive relief should move forward with another class representative (Mr. Kent). Mr. Baker very briefly discusses exceptions to the mootness doctrine, which allow class claims to move forward even when the named plaintiff's individual claims have become moot. The United States Supreme Court analyzed this issue in *Gerstein v. Pugh*, 420 U.S. 103 (1975):

> At oral argument counsel informed us that the named respondents have been convicted. Their pretrial detention therefore has ended. This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly 'capable of repetition, yet evading review.' At the time the complaint was filed, the named respondents were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would be required to avoid mootness…. But this case is a suitable exception to that requirement. The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a

district judge to certify the class.  Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain.

*Id.* at 110, n.11.

The Seventh Circuit Court of Appeals, following the reasoning of *Gerstein*, found that a case brought by an inmate of a county jail relating to jail conditions did not become moot when the inmate was released from custody due to the "inherently transitory" exception to the mootness doctrine.  *Olson v. Brown*, 594 F.3d 577, 583 (7th Cir. 2010).  The Seventh Circuit found that the exception applied to circumstances where: "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class, and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint."  *Id.* (citing *Gerstein*, 420 U.S. at 110, n.11).  The *Olson* court found that plaintiff's claims met both of those requirements because "the length of incarceration in a county jail generally cannot be determined at the outset and is subject to a number of unpredictable factors, thereby making it inherently transitory," and "there will be a constant class of persons suffering the deprivation."  *Id.*

Defendants here discuss the "capable of repetition, yet evading review" exception to the mootness doctrine in their motion and reply brief.  [*See* Filing No. 73 at 4 (discussing whether Mr. Baker will again be subject to conditions at the Jail, such that his claims would not be moot); Filing No. 78 at 2-3 (stating "Plaintiffs [sic] only argument against the defendants' position that Baker's claim for injunctive relief is moot is an assertion that this case is one that is 'capable of repetition, yet evading review'").]  But Mr. Baker does not appear to rely on the "capable of repetition, yet evading review" exception.  Rather, although done in a conclusory fashion, it appears that Mr. Baker argues for application of the "inherently transitory" exception discussed in *Gerstein*.  [*See* Filing No. 76 at 2 (Mr. Baker quoting *Gerstein* and discussing the requirements for the "inherently

transitory" exception).]  As the Seventh Circuit Court of Appeals has explained, the two exceptions are distinct:

> Contrary to [defendant's] argument, the "inherently transitory" exception to the mootness doctrine is distinct from the "capable of repetition yet evading review" exception.  When the claim is inherently transitory, as it was in *Gerstein* and as it is in this case, the plaintiff must show that there will likely be a constant class of persons suffering the deprivation complained of in the complaint.  This is different from when a plaintiff invokes the "capable of repetition yet evading review" exception, where the plaintiff must show that the claim is capable of repetition as to the named plaintiff….  [T]he "inherently transitory" exception does not require any indication that the named plaintiff would be subject to the complained-of situation in the future but just that the claim is capable of repetition.

*Olson*, 594 F.3d at 583.

The Court finds that the declaratory and injunctive relief claims in this litigation are of the type encompassed within the "inherently transitory" doctrine.  As to the first requirement, it is uncertain whether the claims will remain live for the length of any one inmate's incarceration.  *See Olson*, 594 F.2d at 110, n.11 ("the length of incarceration in a county jail generally cannot be determined at the outset and is subject to a number of unpredictable factors, thereby making it inherently transitory").  Second, while there may be changes afoot that could help alleviate overcrowding, the record has not been established regarding when those changes might occur.  On the current record, it appears that a constant class of persons will suffer the same deprivation Mr. Baker alleges he suffered while a Jail inmate.  Accordingly, while Mr. Baker's individual claims for declaratory and injunctive relief are moot, the class claims are not and class certification will "relate back" to the filing of the Complaint.  *See Olson*, 594 F.3d at 581 (noting "[t]here may be cases in which the controversy involving the named plaintiff is such that it becomes moot as to

them before the district court can reasonably be expected to rule on a certification motion.[2]  In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review") (citing *Swisher v. Brady*, 438 U.S. 204, 213 n.11 (1978)).  Defendants' Motion for Partial Summary Judgment, [Filing No. 71], is **GRANTED IN PART** to the extent that the Court grants summary judgment in favor of Defendants on Mr. Baker's individual claims for declaratory and injunctive relief because those claims are moot, but the motion is **DENIED IN PART** to the extent that the Court finds that the putative class claims for declaratory and injunctive relief are not moot and may proceed to the class certification stage.

### D.  Mr. Baker's Motion for Leave to Substitute Proposed Class Representative

Mr. Baker has also filed a Motion for Leave to Substitute Proposed Class Representative. [Filing No. 77.]  It appears that Mr. Baker filed this motion in response to Defendants' Motion for Partial Summary Judgment, arguing that the Court should substitute Mr. Kent as the proposed class representative because "he is still in the Jail, he suffers from overcrowding as do all members

---

[2] The Court is compelled to address Mr. Baker's statement that "[t]he need to substitute the putative class representative has arisen due to the Court's delay in certifying the class…."  [Filing No. 76 at 2.]  First, the Court notes that there would be no need to request substitution if Mr. Kent had raised the arguments on which Mr. Baker eventually prevailed in response to Defendants' exhaustion arguments.  Second, Mr. Baker himself protracted the briefing of the Motion for Class Certification by requesting a 30-day extension of time in which to file his reply brief in order to "incorporate extrinsic evidence into [his] Reply to fairly address the issues raised in Defendants' Response."  [Filing No. 37.]  Third, this Court has the fourth busiest civil docket – by weighted caseload – in the country.   www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/12/31-1.  In other words, Mr. Baker's case is not the only one before this Court. Mr. Baker and his counsel should consider that the time spent by the Court on motions that reflect no effort to address the requirements for the relief requested, [*see* Filing No. 69 (Mr. Baker's Motion to Reconsider)], that do not comply with the procedural rules, [*see* Filing No. 80 (Mr. Baker's Motion to Delay Ruling on Summary Judgment)], or that do not raise all applicable arguments in the first instance, [*see* Filing No. 50 (Mr. Baker's response to Defendants' Motion for Summary Judgment on the exhaustion issue)], needlessly takes away from the time that the Court has to rule on motions that have merit.

of the putative class, and per the Court's ruling, he was not required to file any grievance related to overcrowding, nor appeal any grievances he did file, in order to exhaust his available administrative remedies." [Filing No. 77 at 2-3.] Mr. Baker argues that the case is not moot just because he has been released from the Jail prior to class certification, and cites case law that he argues supports his point. [Filing No. 77 at 3-4.]

Because the Court has already found that the putative class claims did not become moot when Mr. Baker was released from the Jail, Mr. Baker's Motion for Leave to Substitute Proposed Class Representative, [Filing No. 77], is **DENIED AS MOOT**. The Court notes, however, that it would have denied Mr. Baker's Motion for Leave to Substitute in any event, because it has already found that Defendants were entitled to summary judgment on Mr. Kent's claims. [Filing No. 62 at 7.] The Court cannot simply ignore its earlier ruling and substitute Mr. Kent as the Named Plaintiff.

### E.  Mr. Baker's Motion for Class Certification

Mr. Baker seeks certification of the following class:

Any and all persons currently confined, or who will in the future be confined in the Henry County Jail, as of the date the Complaint was filed, November 4, 2016.

[Filing No. 50 at 9-10.][3]

The Court must find that the putative class satisfies the four prerequisites set forth in Fed. R. Civ. P. 23(a). If the putative class does satisfy these prerequisites, the Court must additionally find that it satisfies the requirements set forth in Fed. R. Civ. P. 23(b), which vary depending on which of three different types of classes is proposed. It is the plaintiff's burden to prove first that

---

[3] Mr. Baker revised the proposed class definition after Defendants noted in their response to the Motion for Class Certification that Mr. Baker's original proposed class definition was overly broad and could potentially include "foster children, probation or home detention and arguably even patients in county hospitals," [Filing No. 36 at 2].

an identifiable class exists that merits certification under Rule 23(a). *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). The four prerequisites under Rule 23(a) are: "(1) [that] the class is so numerous that joinder of all its members is impracticable; (2) [that] there are questions of law or fact common to the class; (3) [that] the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Class certification is not appropriate unless the named plaintiff establishes all four prerequisites. *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 156 (1982). Additionally, the plaintiff must show that one of the prerequisites of Rule 23(b) is met. Here, Mr. Baker relies upon Rule 23(b)(2), which requires that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

### 1. Rule 23(a)

Mr. Baker argues that the putative class meets the four prerequisites of Rule 23(a). [Filing No. 14 at 6-9.] Defendants' response focuses exclusively on whether the original Named Plaintiffs are adequate class representatives because they have not exhausted their administrative remedies. [Filing No. 36.] Given the Court's finding in connection with the *Pavey* hearing that Mr. Baker did not need to exhaust administrative remedies for claims of overcrowding or increased fighting caused by overcrowding, the Court rejects Defendants' argument that he is not an adequate class representative because he did not exhaust his administrative remedies. The remainder of Defendants' exhaustion arguments apply to original Plaintiffs who have already been dismissed from this case. [Filing No. 36.] The Court also notes that because Defendants do not address any of the other prerequisites under Rule 23(a), they have waived any argument that those prerequisites

have not been met.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument – as [Defendants have] done here – results in waiver"); *see also Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013).  In any event, the Court must and will address each prerequisite.

 First, the class is so numerous that joinder of all members is impracticable.  *See* Fed. R. Civ. P. 23(a)(1).  Mr. Baker asserts that "there are over one hundred individuals in the care and custody of Henry County, Indiana," [Filing No. 14 at 6], and Defendants do not dispute this assertion.

Second, there are questions of law or fact common to the class.  *See* Fed. R. Civ. P. 23(a)(2). These common questions include: (a) whether Defendants are constitutionally required to provide a jail that is not overcrowded; (b) whether Defendants have systemically violated that mandate; (c) if Defendants are in violation of their duties, what efforts are required to remedy their constitutional violations; (d) whether the class members are entitled to declaratory judgment; and (e) whether the class members are entitled to preliminary and permanent injunctive relief.

Third, Mr. Baker's claims are typical of the class claims.  *See* Fed. R. Civ. P. 23(a)(3).  Mr. Baker was an inmate at the Jail, and faced the same conditions as the putative class members.  Mr. Baker's claims at the time he filed the Motion for Class Certification, and the claims of the putative class members, are all based on the same legal theories.

Fourth, Mr. Baker and his counsel claim that they will fairly represent the class.  *See* Fed. R. Civ. P. 23(a)(4).  Despite the Court's earlier concerns about the quality of some of the briefs already filed, the Court has no basis to find that Mr. Baker's counsel will not pursue the class's interests, and notes that counsel has experience litigating these types of cases.  The Court does expect, however, that counsel will adhere to the Court's warnings about compliance with

applicable rules and procedures. As to the adequacy of Mr. Baker as a class representative, the Court notes that the parties have not addressed how, or if, Mr. Baker's release from the Jail might affect his ability to be an adequate class representative. The Court has already found that Mr. Baker's individual claims for declaratory and injunctive relief are moot, but that the class claims are not. In other words, the mootness of Mr. Baker's individual claims does not prevent him from pursuing claims on behalf of the class under the circumstances present here. But there is no information before the Court regarding Mr. Baker's commitment to serving as the class representative, now that he has been released. *Cf. Richardson v. Monroe County Sheriff*, 2008 WL 3084766, *5 (S.D. Ind. 2008) (finding that inmate who had been released from prison was still an adequate class representative where he "submitted his affidavit, stating that he is still in contact with his attorney and plans to 'make [him]self available, as necessary, for any depositions or court hearings in this matter'" and "further states that '[he] ha[s] friends in the [prison] and [is] aware of the current situation there'"). The absence of argument is understandable and is no fault of the parties, given that the Motion for Class Certification was fully briefed before Mr. Baker was released from the Jail. However, the Court cannot conclude on the record before it that Mr. Baker will fairly represent the class, as required by Rule 23(a)(4).

### 2. *Rule 23(b)(2)*

Finally, Mr. Baker has alleged that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The claims against Defendants center on an alleged systematic failure to maintain adequate conditions for all Jail inmates.

In sum, while Mr. Baker has satisfied the requirements of Fed. R. Civ. P. 23(a)(1), (a)(2), (3), and (b)(2), the Court cannot conclude that he has satisfied the requirements of Rule 23(a)(4). Due to the procedural posture of this case, and the fact that Mr. Baker was released from the Jail after the Motion for Class Certification was briefed, the Court takes the Motion for Class Certification, [Filing No. 13], **UNDER ADVISEMENT**.  The Court **ORDERS** Mr. Baker to file by **July 7, 2017** either: (1) a supplementary brief in support of his Motion for Class Certification, addressing whether Mr. Baker is an adequate class representative[4]; or (2) a Motion for Leave to Substitute, should counsel wish to substitute a different individual as the Named Plaintiff.[5] Defendants shall file any response to either motion by **July 21, 2017**, and Mr. Baker may file any reply by **July 28, 2017**.  Once the adequacy of representation issue is addressed, the Court will be prepared to rule on the Motion for Class Certification.[6]

### F.  Mr. Baker's Motion for Clarification With Regard to Status of Plaintiff's Request for Class Certification and Declaratory Relief

Mr. Baker requests that the Court "set a hearing as soon as possible on the matter of injunctive relief, and either grant Plaintiff's Motion for Class Certification or set a hearing on the matter, again as soon as possible, and grant all other just and proper relief."  [Filing No. 70 at 3.] Mr. Baker notes that "it is possible from the plaintiff's perspective that the Court could make…a

---

[4] Any supplemental brief should not address the mootness issues discussed above, which the Court has already ruled on.

[5] As discussed below, Mr. Baker cannot substitute Mr. Kent – or any other former plaintiff in this action – as the Named Plaintiff because the Court has already found that Defendants were entitled to summary judgment as to those plaintiffs.

[6] The Court clarifies that it will not be certifying a class with respect to any personal injury claims members of the class may have as a result of jail overcrowding.  Because adjudicating those claims would necessarily involve highly individualized issues, class treatment is not appropriate.  In any event, the Court does not read the Motion for Class Certification to request certification of personal injury claims.

ruling [on the Motion for Preliminary Injunction] based upon the additional evidence submitted during the *Pavey* hearing, since it was rather broad." [Filing No. 70 at 3.] Defendants respond by setting forth many of their arguments related to the mootness of Mr. Baker's individual claims, and argue that further proceedings are necessary to consider the Motion for Preliminary Injunction. [Filing No. 74.]

First, the Court has already discussed Mr. Baker's Motion for Class Certification above, so **DENIES IN PART AS MOOT** Mr. Baker's Motion for Clarification as it relates to the Motion for Class Certification. Second, the Court **DENIES IN PART** Mr. Baker's Motion for Clarification to the extent that it requests that the Court decide the Motion for Preliminary Injunction based only on evidence submitted at the *Pavey* hearing. The purpose of the *Pavey* hearing was solely to determine whether Mr. Baker had exhausted his administrative remedies before filing suit. Additional evidence may be needed regarding whether a preliminary injunction is warranted in this matter. The Court **GRANTS IN PART** Mr. Baker's Motion for Clarification to the extent that it will set a hearing on Mr. Baker's Motion for Preliminary Injunction as soon as practicable after the issue of class certification has been decided.

### G.  Mr. Baker's Motion to Determine Conflict of Interest

Finally, the Court considers a miscellaneous motion filed by Mr. Baker, in which he argues that under the circumstances of this case, "because of the different responsibilities of the Henry County Council, Henry County Commissioners, and Henry County Sheriff, they may not have consistent or compatible interests in the outcome of the litigation." [Filing No. 26 at 3.] As a result, Mr. Baker requests "a hearing to determine whether or not separate counsel should be assigned or required for the individual defendants, or if they choose to waive any potential conflicts, that it should be made on the record." [Filing No. 26 at 3.]

In response, Defendants argue that "[since] the plaintiffs in this action are neither current clients nor former clients of the attorneys they seek to disqualify and in fact have no present nor former relationship whatsoever with the attorneys, they lack standing to raise any alleged conflicts of interest[ ]." [Filing No. 33 at 3.] Defendants also contend that the "fair and efficient administration of justice" exception to standing does not apply here because Mr. Baker has only argued that the Defendants "may not have consistent or compatible interests in the outcome of the litigation." [Filing No. 33 at 4.]

"The standards for disqualification of an attorney derive from two sources: Indiana's Rules of Professional Conduct and federal common law." *Leathermon v. Grandview Mem. Gardens, Inc.*, 2010 WL 1381893, *8 (S.D. Ind. 2010). Indiana Rule of Professional Conduct 1.7 provides that a lawyer shall not represent a client if "the representation of one client will be directly adverse to another client." Ind. R. Prof. Conduct 1.7(a)(1). Rule 1.7 also prohibits an attorney from representing a client where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Ind. R. Prof. Conduct 1.7(a)(2). But even when a conflict exists, a lawyer can represent a client if "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing." Ind. R. Prof. Conduct 1.7(b). The moving party "bears the burden of proving that an actual conflict of interest in violation of Rule 1.7 exists, rather than merely a potential one."

*v. Hausmann-McNally, S.C.*, 992 F.Supp.2d 885, 890 (S.D. Ind. 2014) (citing *Philips Medical Systems Int'l B.V. v. Bruetman*, 8 F.3d 600, 606 (7th Cir. 1993)).

Notably, Mr. Baker does not cite to any case law whatsoever in his motion. He does not set forth the standard for determining when there is a conflict of interest, nor make any attempt to apply the facts here to the law. The Court finds that Mr. Baker's motion fails for two reasons. First, Mr. Baker does not have standing to raise the conflict issue. Generally, "only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." *Mills*, 992 F.Supp.2d at 891. This is because Rule 1.7 is "designed to protect the interests of those harmed by conflicting representations rather than serve as a weapon in the arsenal of a party opponent…." *Id.* Some district courts have recognized that an opposing party may seek disqualification "where the conflict of interest was sufficiently grave to undermine the court's inherent interest in preserving 'the fair or efficient administration of justice,'" *Id.* (quoting *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F.Supp.2d 1111, 1116 (S.D. Ind. 2007)), but Mr. Baker does not argue that the circumstances here fit into that narrow exception.

Second, even if Mr. Baker had standing, he does not set forth any authority providing him with a right to a hearing that he believes may provide him with evidence of a conflict – and the Court is not aware of any such authority.

The Court **DENIES** the Motion to Determine Conflict of Interest, [Filing No. 26], as Mr. Baker does not have standing to raise the conflict issue and, in any event, has not shown why he would be entitled to a hearing aimed at exploring whether a conflict exists.

# III.
## CONCLUSION

For the foregoing reasons:

- Mr. Baker's Motion to Reconsider Ruling Dismissing Named Plaintiffs, [Filing No. 69], is **DENIED**;

- Mr. Baker's Motion to Delay Ruling on Summary Judgment Until Defendants Respond to Requests for Production, [Filing No. 80], is **DENIED**;

- Mr. Baker's Motion to Request an Order Foreshortening the Response Time for Discovery, [Filing No. 27], is **DENIED AS MOOT**;

- Defendants' Motion for Partial Summary Judgment, [Filing No. 71], is **GRANTED IN PART** to the extent that the Court grants summary judgment in favor of Defendants on Mr. Baker's individual claims for declaratory and injunctive relief because those claims are moot, but the motion is **DENIED IN PART** to the extent that the Court finds that the putative class claims for declaratory and injunctive relief are not moot and may proceed to the class certification stage;

- Mr. Baker's Motion for Leave to Substitute Proposed Class Representative, [Filing No. 77], is **DENIED AS MOOT**;

- The Court takes the Motion for Class Certification, [Filing No. 13], **UNDER ADVISEMENT**. The Court **ORDERS** Mr. Baker to file by **July 7, 2017** either: (1) a supplementary brief in support of his Motion for Class Certification, addressing whether Mr. Baker is an adequate class representative; or (2) a Motion for Leave to Substitute, should counsel wish to substitute a different individual who might fairly and adequately protect the interests of the class as the Named Plaintiff as required by Rule 23(a)(4). Defendants shall file any response to either motion by **July 21, 2017**, and Mr. Baker may file any reply by **July 28, 2017**;

- Mr. Baker's Motion for Clarification, [Filing No. 70], is **DENIED IN PART** and **GRANTED IN PART** as discussed above; and

- Mr. Baker's Motion to Determine Conflict of Interest, [Filing No. 26], is **DENIED**.

Date:  June 6, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**