UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BAKER, *individually and on behalf of the present and future inmates of Henry County Jail*, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 1:16-cv-03026-JMS-MPB |
| *vs.* | ) ) ) | |
| RICHARD MCCORKLE, *individually and in his official capacity as Sheriff of Henry County*, BRUCE BAKER, KIM CRONK, ED YANOS, RICHARD BOUSLOG, ROBIN RENO-FLEMING, STEVEN DUGGER, NATHAN LAMAR, CLAY MORGAN, MICHAEL THALLS, HAROLD GRIFFIN, HENRY COUNTY COMMISSIONERS, and HENRY COUNTY COUNCIL, | ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**ORDER**

Plaintiff Christopher Baker brings this action on behalf of current or future persons confined at the Henry County, Indiana Jail (the "Jail"), and alleges that the Jail is overcrowded in violation of his and the class members' constitutional rights. Presently pending before the Court is Mr. Baker's Motion to Approve Notice to Henry County Jail Class Members. [Filing No. 109.][1]

In his motion, Mr. Baker sets forth several issues unrelated to class notice, including that his counsel anticipates receiving information from individual inmates regarding complaints of inadequate medical care, and that he believes that video surveillance at the Jail will not provide protection to individual inmates who are attacked. [Filing No. 109 at 2.] Mr. Baker also advises

---

[1] Mr. Baker also filed a Report to the Court Concerning Class Notice, [Filing No. 101], and Defendants filed an Objection to Proposed Notice to Class, [Filing No. 105], along with their proposed Class Notice, [Filing No. 106-1].

that he has provided Defendants' counsel with a copy of his proposed Class Notice, and that Defendants' counsel "really doesn't have standing to object to the notice." [Filing No. 109 at 3.] Mr. Baker argues that his proposed Class Notice informs class members about the nature and status of the litigation and what rights they have as the litigation continues. [Filing No. 109 at 3.] Mr. Baker provides a copy of his proposed Class Notice, which defines the class as:

> All inmates in the care and custody of Henry County, Indiana from November 4, 2016 to the present, including the current and future inmates who are or will be incarcerated in the Henry County Jail and all current and future individuals who were transported to other county jails as a result of the overcrowding in the Henry County Jail.

[Filing No. 109-1 at 1.]

In their response, Defendants argue that Mr. Baker's proposed Class Notice includes an inaccurate definition of the class, misstates Defendants' position regarding a new jail facility, attempts to expand the definition of the class to include inmates housed in other correctional facilities, and changes a statement regarding the Case Management Plan in this case from the proposed Class Notice that Mr. Baker provided earlier. [Filing No. 112 at 2.] Defendants also argue that "[t]here is nothing in Rule 23 which would indicate that direct solicitation of potential claimants or offering legal advice for other claims is a proper purpose for notice to class members, and plaintiff fails to cite any authority suggesting that it is." [Filing No. 112 at 2.] Defendants request that the Court approve a Class Notice which "contains a definition of the class certified by the court, that said notice contain no inaccurate statements as to the state of the litigation, and that it not contain information designed for inappropriate purposes, whether it be the proposed notice submitted by the defendants or one devised by the court." [Filing No. 112 at 3.]

The Court finds that several of Defendants' objections to Mr. Baker's proposed Class Notice are well-taken. First, Mr. Baker's proposed Class Notice contains a definition of the class that is much broader than the class the Court has certified in this matter, which is:

> Any and all persons currently confined, or who will in the future be confined, in the Henry County Jail as of the date the Complaint was filed, November 4, 2016.

[Filing No. 85 at 2.] This is the class definition that must be included in the Class Notice.

Second, Mr. Baker's proposed Class Notice states that county officials "oppose building a new jail facility at the present time," [Filing No. 109-1 at 1], but this statement appears to be inaccurate based on recent discussions between Mr. Baker's counsel and Defendants' counsel. In any event, this information is not relevant to the Class Notice, which is intended to inform class members regarding the subject of the lawsuit and their rights.

Third, Mr. Baker's proposed Class Notice states that the Sheriff has a duty to maintain and operate a jail that meets the requirements of state and federal law, that "[t]hese requirements may necessitate relocation of detainees and inmates to other county jails with adequate space," and that "[y]our rights to meet with your attorney, whether a public defender or one retained by you, are not impaired by your relocation to another county and you should be allowed to meet with counsel and prepare your defense to criminal charges regardless of where you are detained." [Filing No. 109-1 at 1.] This statement appears to go beyond the scope of, and be irrelevant to, this litigation. The Court agrees with Defendants that detainees who are inmates at other jails, due to overcrowding at the Jail or otherwise, would not be members of the class the Court has certified. To the extent a Jail inmate is moved to another facility due to overcrowding, the Court finds it unnecessary to advise those inmates that they can still meet with their attorneys to prepare their defenses to criminal charges. This litigation does not involve claims that inmates have been denied access to counsel.

Fourth, the Court does not find problematic Mr. Baker's statement that "[t]he parties will agree on a Case Management Plan…." [Filing No. 109-1 at 1.]

Finally, the Court finds the statement in Mr. Baker's proposed Class Notice regarding contacting an attorney or class counsel to discuss personal injury claims to be appropriate as the statement is made in connection with advising class members that adjudication of the class claims does not include adjudication of any individual personal injury claims. The Court does, however, find that providing legal advice regarding the statute of limitations for personal injury claims is not appropriate to include in the Class Notice, and that the Class Notice should provide a clear statement advising that Mr. Baker only seeks injunctive and declaratory relief on behalf of the class.

Based on the foregoing, the Court **DENIES IN PART** Mr. Baker's Motion to Approve Notice to Henry County Jail Class Members, [109], to the extent that it does not approve Mr. Baker's proposed Class Notice, [Filing No. 109-1], but **GRANTS IN PART** the motion to the extent that it approves the Class Notice attached as Exhibit 1 to this Order, which incorporates language from both Mr. Baker's proposed Class Notice and Defendants' proposed Class Notice. To the extent any party objects to the Class Notice attached as Exhibit 1, it must file an objection by **February 2, 2018**. If no objections are filed, notice shall be provided in a manner agreed upon by the parties, and the parties shall file a report reflecting their agreement on or before **February 23, 2018**.

Date: 1/19/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**