UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER BAKER, *individually and on behalf of the present and future inmates of Henry County Jail*,<br><br>         *Plaintiff*,<br><br>vs.<br><br>RICHARD MCCORKLE, *individually and in his official capacity as Sheriff of Henry County*, BRUCE BAKER, KIM CRONK, ED YANOS, RICHARD BOUSLOG, ROBIN RENO-FLEMING, STEVEN DUGGER, NATHAN LAMAR, CLAY MORGAN, MICHAEL THALLS, HAROLD GRIFFIN, HENRY COUNTY COMMISSIONERS, and HENRY COUNTY COUNCIL,<br><br>         *Defendants*. | No. 1:16-cv-03026-JMS-MPB |

## **ORDER**

Plaintiff Christopher Baker brings this action on behalf of current or future persons confined at the Henry County, Indiana Jail (the "Jail"), and alleges that the Jail is overcrowded in violation of his and the class members' constitutional rights. The Court certified this matter as a class action for the purpose of seeking injunctive relief, and Mr. Baker moved to approve notice to the class. The Court approved a version of class notice that incorporated elements of notices proposed by Mr. Baker and Defendants, and Defendants now object to the Proposed Class Notice. The Objection, [Filing No. 118], is now ripe for the Court's decision.

### I.
#### BACKGROUND

On July 28, 2017, the Court granted Mr. Baker's Motion for Class Certification in this matter, and certified the following class:

> Any and all persons currently confined, or who will in the future be confined in the Henry County Jail, as of the date the Complaint was filed, November 4, 2016.

[Filing No. 85 at 2.] The Court had clarified in an earlier order that it would certify a class only for the purpose of claims seeking declaratory and injunctive relief, and not with respect to any personal injury claims. [Filing No. 82 at 18, n.6 ("The Court clarifies that it will not be certifying a class with respect to any personal injury claims members of the class may have as a result of jail overcrowding. Because adjudicating those claims would necessarily involve highly individualized issues, class treatment is not appropriate. In any event, the Court does not read the Motion for Class Certification to request certification of personal injury claims").]

The Court then ordered the parties to file a Report which either attached an agreed proposed notice for the Court's consideration, or advised the Court regarding the status of preparing such a notice. [Filing No. 85 at 2.] Mr. Baker filed a Report on September 15, 2017, stating that the parties could not agree on a form of notice, and attaching a Proposed Notice. [Filing No. 101; Filing No. 101-1.] Defendants filed an Objection to Proposed Notice to Class on September 22, 2017, setting forth various objections to Mr. Baker's Proposed Notice including that the description of the class in Mr. Baker's Proposed Notice was not the same as the class definition approved by the Court. [Filing No. 105 at 1.] Defendants filed their own Proposed Notice. [Filing No. 106; Filing No. 106-1.]

Mr. Baker filed a Motion to Approve Notice to Henry County Jail Class Members on October 17, 2017, [Filing No. 109], requesting approval of its Proposed Notice, [Filing No. 109-1]. Defendants responded to Mr. Baker's motion, again arguing that Mr. Baker's Proposed Notice "changes the definition of the class from that which the court approved." [Filing No. 112 at 2.] On January 19, 2018, the Court granted in part and denied in part Mr. Baker's Motion to Approve Notice, approving a Notice it attached to the Order which defined the class as the class it certified

in the July 28, 2017 Order: "Any and all persons currently confined, or who will in the future be confined, in the Henry County Jail as of the date the Complaint was filed, November 4, 2016." [[Filing No. 117 at 3](#); [Filing No. 117-1 at 1](#).] The Court gave the parties until February 2, 2018 to file any objections to the Notice. [[Filing No. 117 at 4](#).] Defendants then filed an Objection to Proposed Class Notice, [[Filing No. 118](#)], which is now ripe for the Court's decision.

## II.
### DISCUSSION

Defendants object to the Court's Notice because: "(a) it includes former inmates who are not eligible for relief; and (b) [it] imposes an unnecessary, time consuming, and costly burden on the parties to locate and notify former inmates not eligible for relief." [[Filing No. 118 at 1](#).] Defendants contend that the current class definition would include individuals who were inmates at the Jail on or after November 4, 2016, but have since been released, and that this is inappropriate because the class seeks only injunctive relief and those released individuals do not have standing because they would not benefit from such relief. [[Filing No. 118 at 2](#).] Defendants also assert that the Court's Notice would require them to issue written notice to individuals who have been inmates since November 2016 but have since been released, and that limiting the class to current and future inmates would allow notice to be provided by "simply posting the court's order in the jail's cell blocks." [[Filing No. 118 at 2-3](#).]

In response, Mr. Baker argues that Defendants have not previously objected to the definition of the class certified by the Court, and that the proposed notice "is intended to inform everyone in the class of the status of the litigation and to inform them as well that they are not entitled to damages per se by being a class member, but rather may have a claim if they can demonstrate damages suffered independent of being in an overcrowded and unconstitutional jail." [[Filing No. 119 at 2](#).]

3

In their reply, Defendants argue that they twice have objected to the class definition, and reiterate their argument that no damages class has been certified, and that "[t]here is no legitimate reason to have to send notice to inmates who are not currently in or who in the future will be incarcerated in the Henry County [J]ail for purposes of a class action seeking injunctive relief. Posting a notice in the blocks and the drunk tank in the Henry County [J]ail should be all the notice that is required." [Filing No. 120 at 2.]

The Court first addresses Mr. Baker's argument that Defendants did not previously raise an objection to the class definition. Defendants point to two instances where they objected to the notice, but neither objection related to the definition including inmates who had been released. First, Defendants cite to their Response to Plaintiffs' Motion for Class Certification, in which they argued that the class definition was overbroad and that "[t]he phrase 'all individuals within the care and custody of Henry County' [as Mr. Baker proposed] would appear to be broad enough to possibly include foster children, probation or home detention and arguably even patients in the county hospital." [Filing No. 120 at 1-2 (citing Filing No. 36 at 2).] Defendants did not address the issue of whether the class definition included inmates who had been released due to the fact that it included inmates confined as of the date the Complaint was filed, November 4, 2016, because Mr. Baker's proposed class definition did not include that language. [*See* Filing No. 36 at 2.]

Second, Defendants argue that they objected to the class definition in their September 22, 2017 Objection to Proposed Notice to Class. [Filing No. 120 at 2 (citing Filing No. 105).] Again, however, Defendants' objection did not address the issue of the class definition including inmates who were confined as of November 4, 2016 and since released, but only that it was not the same

definition certified by the class (which included the November 4, 2016 language). [Filing No. 105 at 1.]

It is disingenuous for Defendants to argue that they previously objected to the class definition including inmates who were confined on November 4, 2016, but since have been released. They have not specifically addressed this issue in their filings. Indeed, it appears that the "as of the date the complaint was filed, November 4, 2016" language was added to the proposed class definition for the first time in Mr. Baker's reply brief in support of his Motion for Class Certification. He revised his proposed class definition in that filing to clarify that the class included only current and future inmates of the Jail, and not of Henry County in general, but also added "as of the date the Complaint was filed, November 4, 2016." [Filing No. 50 at 9-10.] Rather than seeking leave to file a surreply in connection with Mr. Baker's Motion for Class Certification or filing a motion to reconsider the Court's Order certifying the class, Defendants did not address the added language until the Court had issued a ruling on Mr. Baker's Motion to Approve Class Notice.

In any event, despite the fact that Defendants should have raised their objection sooner, Defendants raise an important point in their pending Objection which the Court must consider. [Filing No. 118.] The effect that the "as of the date the complaint was filed, November 4, 2016" language has on the class definition is that the class would include individuals who were inmates on November 4, 2016, but have since been released. Because the class has only been certified for purposes of injunctive relief, individuals who have since been released from the Jail would not benefit from such relief and so do not have standing to pursue injunctive relief claims. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740 (7th Cir. 2014) ("'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief'") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)); *Moreno v. Napolitano*, 2014 WL

5

4911938, *5 (N.D. Ill. 2014) ("To satisfy the injury-in-fact requirement when seeking injunctive and declaratory relief, Plaintiffs must show that they are under threat of suffering an injury that is concrete and particularized…. [T]his Court is persuaded that state and local [law enforcement agencies] are not legally required to comply with I-247 detainers. As a consequence, potential class members in the custody of state and local [law enforcement agencies] that have declined to cooperate with the detainers do not face an actual and imminent threat of future confinement as a result of the detainers' issuance. The Court thus finds that such putative class members lack standing….").

The only argument Mr. Baker sets forth to support his argument that previous Jail inmates should receive class notice is that those former inmates are entitled to know the status of the litigation and that the notice will "inform them as well that they are not entitled to damages per se by being a class member, but rather may have a claim if they can demonstrate damages suffered independent of being in an overcrowded and unconstitutional jail." [Filing No. 119 at 2.] But the purpose of class notice is "to present a fair recital of the subject matter of the suit and to inform class members of their opportunity to be heard." *In re Fedex Ground Package System, Inc., Employment Practices Litigation*, 2008 WL 927654, *2 (N.D. Ind. 2008). It is not to advise individuals who do not have standing to pursue the class' claims of claims that the class is not pursuing, which is what Mr. Baker seeks to do.

Because former inmates of the Jail would not benefit from injunctive relief related to overcrowding and do not have standing to seek such relief, the Court finds that it must modify the class definition to include only current and future Jail inmates. *See Moreno*, 2014 WL 4911938 at *5 (court modified class definition to "include only individuals in the custody of [law enforcement agencies] that cooperate with ICE detainer requests," because individuals who did not cooperate

6

did not face threat of future confinement); *Streeter v. Sheriff of Cook Cnty.*, 256 F.R.D. 609, 611 (N.D. Ill. 2009) ("A district court…may modify a proposed class definition if modification will render the definition adequate").

Accordingly, the Court **SUSTAINS** Defendants' Objection to the extent that the Court modifies the Class Notice to include the following class definition:

> **Any and all persons currently confined or who will in the future be confined in the Henry County Jail.**

The modified Class Notice is attached to this Order as Exhibit 1.

### III.
#### CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Defendants' Objection to Proposed Class Notice, [118], to the extent that it approves the Class Notice attached to this Order as Exhibit 1. Notice shall be provided in a manner agreed upon by the parties, and the parties shall file a report reflecting their agreement on or before **April 13, 2018**.

Additionally, the Court **MODIFIES** its July 28, 2017 Order to reflect that it certifies the following class:

> **Any and all persons currently confined or who will in the future be confined in the Henry County Jail.**

Date: 3/20/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**