UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER BAKER, *individually and on behalf of the present and future inmates of Henry County Jail*, | )<br>)<br>)<br>) |
| *Plaintiff*, | ) No. 1:16-cv-03026-JMS-MPB |
| *vs.* | )<br>)<br>) |
| RICHARD MCCORKLE, *individually and in his official capacity as Sheriff of Henry County*, BRUCE BAKER, KIM CRONK, ED YANOS, RICHARD BOUSLOG, ROBIN RENO-FLEMING, STEVEN DUGGER, NATHAN LAMAR, CLAY MORGAN, MICHAEL THALLS, HAROLD GRIFFIN, HENRY COUNTY COMMISSIONERS, and HENRY COUNTY COUNCIL, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

**ORDER**

Plaintiff Christopher Baker brings this action on behalf of current or future persons confined at the Henry County, Indiana Jail (the "Jail"), and alleges that the Jail is overcrowded in violation of his and the class members' constitutional rights. The Court certified a class of "[a]ny and all persons currently confined or who will in the future be confined in [the Jail]," and Class Notices have been placed at the Jail. [Filing No. 85; Filing No. 126-1.] The parties have disagreed regarding several issues related to Plaintiffs' counsel's desire to tour and inspect the Jail, and these disagreements resulted in Defendants filing a Motion for Protective Order Regarding the Parameters of Plaintiffs' Jail Tour and Inspection, [Filing No. 133]. After the parties briefed the Motion for Protective Order, the Magistrate Judge granted the motion and set forth specific parameters to be followed during Plaintiffs' counsel's Jail tour/inspection. [Filing No. 139.] Plaintiffs then filed a Motion Appealing the Order of the Magistrate Judge and Posing Restrictions

1

on a Visit to the Henry County Jail, [Filing No. 140], which is now ripe for the Court's consideration.

## I.
### BACKGROUND

On April 28, 2017, Defendants filed a Motion for Protective Order, arguing that their motion was precipitated by the parties' attempts to reach agreement on certain issues in advance of the Jail tour/inspection, including whether Plaintiffs' counsel could communicate with inmates during the tour/inspection, and by events that took place when Plaintiffs' counsel went to the Jail for the tour/inspection. [Filing No. 133 at 1-4.] Defendants argued that they attempted to address Plaintiffs' counsel's desire to communicate with inmates during the tour/inspection by offering that the Jail Commander introduce Plaintiffs' counsel, explain that he was touring the Jail in connection with a class action lawsuit, reference the class notices that had already been posted at the Jail, and inform the inmates that if they wanted to speak with Plaintiffs' counsel they could contact him and their calls would be toll free. [Filing No. 133 at 3.] Defendants noted that the parties called the Magistrate Judge from the Jail in an attempt to settle their disputes, but that the Magistrate Judge would not rule without a motion before him. [Filing No. 133 at 3.] Defendants argued that Plaintiffs' counsel rejected the idea of being introduced by the Jail Commander and left the Jail abruptly, without carrying out a tour or inspection. [Filing No. 133 at 3-4.] Defendants asserted that the parameters they had placed on Plaintiffs' counsel's visit regarding contact with inmates is in line with their normal touring procedures, and that Plaintiffs' counsel's communication with inmates is unnecessary in light of the Class Notices posted at the Jail. [Filing No. 133 at 5.] Because Plaintiffs' counsel would like to reschedule the tour/inspection, Defendants requested that the Court enter a protective order providing that: "(a) no special introduction of Plaintiffs' counsel or explanation of the purpose of their visit shall be made during the upcoming

2

jail tour/inspection; and (b) Plaintiffs' counsel shall not speak to, address, or otherwise communicate with the inmates, either individually or in groups, during the upcoming jail tour/inspection." [Filing No. 133 at 7.]

In response to the Motion for Protective Order, Plaintiffs presented their version of the discussions before the tour/inspection, and the events that took place when Plaintiffs' counsel went to the Jail. [Filing No. 135.] Plaintiffs argued that counsel left the Jail because he wanted to be able to introduce himself to the inmates, and that Defendants' counsel "invent[ed] reasons why this was inappropriate." [Filing No. 135 at 4.] Plaintiffs asserted that attempting to place limitations on counsel's visit "is a matter of attempting to assert control over the plaintiff's attorney rather than conduct discovery in a professional and courteous manner." [Filing No. 135 at 4.] Plaintiffs also requested that the Court "issue an order to show cause why the defendants['] counsel should not be held in contempt of court." [Filing No. 135 at 5.]

On June 1, 2018, the Magistrate Judge issued an Order granting Defendants' Motion for Protective Order. [Filing No. 139.] The Magistrate Judge set forth the history of the parties' dispute in detail, and found that Defendants had shown good cause for the limitations they had requested. The Magistrate Judge explained:

> Defendants have indicated during Plaintiff's counsels' prior jail inspections there was no express limitation on Plaintiff's counsels' ability to address and communicate with the inmates, which did result in disruption during those tours. Per Defendants, a point not refuted by Plaintiff, this disruption was a result of Plaintiff's counsels' direct interaction with the inmates during the tour.
>
> In responding to Defendants' concerns, Plaintiff's counsel has not explained the need to communicate directly with inmates, either individually or in groups, during the upcoming jail tour/inspection, nor has counsel explained why the Sheriff's facilitation of communications between the inmates and Plaintiff's counsel in accordance with the jail's regular attorney-client visitation policies will not serve Plaintiff's counsels' purposes. This is essentially the proposal Plaintiff's counsel agreed to during the April 12, 2018 email exchange – which counsel has provided no explanation why the April 12, 2018, agreement was no longer sufficient for

3

Plaintiff's needs during the April 17, 2018 tour. The purpose of the upcoming tour is to conduct a physical premises/facility inspection; thus, these communication limitations during the inspection do not impede that purpose, which is a point unrefuted by Plaintiff in countering the motion for protective order. The majority of Plaintiff's response and Defendants' reply illustrates each counsel's dissatisfaction for the other's discovery management style. Of course, discovery is to be a self-managed process – with very little Court involvement – and the Court stresses to the parties that personal attacks via motion practice are not an efficient use of party or judicial resources.

[Filing No. 139 at 5.]

The Magistrate Judge ordered that:

1. During the tour/inspection to be rescheduled from its original April 17, 2018, date, Plaintiff's counsel shall not personally, directly address or otherwise communicate with inmates during the upcoming jail tour and inspection; and

2. During the tour/inspection there shall be no introduction of Plaintiff's counsel or explanation of the purpose of their visit; and

3. The Henry County Sheriff will provide to Plaintiff's counsel private, unrecorded attorney-client visits with any and all inmates with whom they wish to meet in accordance with the jail's attorney-client visitation policies and procedures. The County Sheriff is to provide a list to Plaintiff's counsel of the inmates currently housed in the jail with their housing assignments no later than the date of the rescheduled tour/inspection.

[Filing No. 139 at 6.] The Magistrate Judge rejected Plaintiffs' request that the Court issue an order to show cause why Defendants' counsel should not be held in contempt of court for not allowing a scheduled inspection of the Jail on April 17, 2018, reasoning that Plaintiffs had not cited a court order that Defendants had failed to follow. [Filing No. 139 at 6-7.] On June 7, 2018, Plaintiffs filed the pending Motion Appealing the Order of the Magistrate Judge and Posing Restrictions on a Visit to the Henry County Jail. [Filing No. 140.]

## II.
### STANDARD OF REVIEW

At the outset, the Court notes that Plaintiffs title their motion a "motion appealing" the Magistrate Judge's Order under "TR 72(a)." [Filing No. 140 at 1.] The proper procedure for

"appealing" a magistrate judge's decision on a non-dispositive matter – as is Defendants' Motion for Protective Order – is to file an objection under Fed. R. Civ. P. 72(a). Accordingly, the Court will treat Plaintiffs' motion as an objection, and will refer to it as such.

When a motion is non-dispositive, the Court must modify or set aside any part of the magistrate judge's order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

### III.
#### DISCUSSION

Plaintiffs filed their Objection on June 7, 2018, arguing that there have been at least four tours of the Jail "without incident involving the inmates," but that "[i]t is true that on one occasion during the second visit the jail commander made a sarcastic remark to which [Plaintiffs' counsel] responded and caused a little bit of ruckus in the administrative area but not in front of the inmates." [Filing No. 140 at 2.] Plaintiffs also argue that not allowing Plaintiffs' counsel to introduce and explain why he was there would "demean his position and his representation of the class." [Filing No. 140 at 2.] Plaintiffs assert that they responded to accusations that the Jail tours were disruptive, noting that they had visited the Jail twice with no problems. [Filing No. 140 at 2.] They also argue that their allegations relate to security at the Jail, so "Plaintiff's counsel should be permitted to take pictures and document the security conditions." [Filing No. 140 at 2.] Plaintiffs'

5

counsel submitted an Affidavit in support of the Objection in which he stated, among other things, that:

- he has had "perhaps 40 or more tours of the various jails and I have never had any attorney or court restrict my access to inmates or restrict my access to touring the jail";

- there have not been any disruptive events in the Jail, except for a sarcastic remark made by the Jail Commander to which Plaintiffs' counsel responded;

- Plaintiffs' counsel "did not agree in any way to not introduce myself. I consider that a polite and appropriate method of explaining the purpose of my presence, [it] is not a conversation, it is not a discussion, and it is not a dialogue";

- Defendants' counsel did not offer any proof that a tour of the Jail would be unduly disruptive;

- Plaintiffs' counsel believes that Defendants' counsel is "making this a personal matter rather than representing her client's interests"; and

- when the parties called the Magistrate Judge on the day of the scheduled tour/inspection, the Magistrate Judge "decided that it was not at all inappropriate to ask that I be allowed to introduce myself," but "has now decided that any introduction to inmates in the class is not reasonable, and I cannot understand why."

[Filing No. 140-1 (emphasis omitted).]

In response to Plaintiffs' Objection, Defendants argue that Plaintiffs make no attempt to show how the Magistrate Judge's ruling was clearly erroneous or contrary to law, but rather only express disagreement with it. [Filing No. 141 at 2.] They assert that Plaintiffs have submitted new evidence, including "the affidavit of their counsel, a writing by an unknown author, a news story from a local television station's website, and some ambiguous lists of names and addresses," but Rule 72(a) does not allow the submission of new evidence in connection with an objection to a ruling on a non-dispositive motion. [Filing No. 141 at 2.] Defendants argue that, in any event, the new evidence does not establish that the Magistrate Judge's ruling was contrary to law, and is only "intended to persuade the Court of the correctness of Plaintiffs' position that conditions at [the

Jail] are unconstitutional," which was not the question before the Magistrate Judge. [Filing No. 141 at 3.] Defendants also note that although Plaintiffs complain that the Magistrate Judge wrongly prohibited their counsel from photographing security cameras in the Jail, that issue was never before the Magistrate Judge and the parties had reached an agreement. [Filing No. 141 at 4.]

In reply, Plaintiffs argue that their counsel has "experienced a considerably different attitude and approach" from some of Defendants' counsel versus others. [Filing No. 142 at 1.] Plaintiffs contend that they have submitted additional evidence with their Objection because the request to photograph everything in the Jail, including the security cameras and monitoring stations, was "not explicitly approved of…." [Filing No. 142 at 1.] Plaintiffs also argue that "the additional restriction to contact defense counsel to see whether or not I can visit the jail at the convenience of the sheriff and his staff seems to be a remarkable demand." [Filing No. 142 at 2.] Plaintiffs state that the Magistrate Judge's Order "is not conducive to allowing the Plaintiffs' counsel to adequately represent his clients and prosecute clients' claims." [Filing No. 142 at 2.]

Plaintiffs' Objection does not set forth why the Magistrate Judge's Order fails to apply or misapplies statutes, case law, or rules of procedure, such that it is clearly erroneous or contrary to law. Rather, Plaintiffs rehash the same arguments they set forth in response to Defendants' Motion for Protective Order, submit new evidence, and, in some cases, add arguments on issues that were not the subject of that motion. The Court overrules Plaintiffs' Objection on these grounds, but, in

the interest of thoroughness, will address Plaintiffs' arguments on the merits below.[1]

### A. Prohibition on Communicating With Inmates During the Jail Tour/Inspection

Plaintiffs' main issue with the Magistrate Judge's Order is that it precludes their counsel from directly addressing or communicating with inmates during the tour/inspection. The Magistrate Judge explained that Defendants showed good cause for these limitations, pointing to a disruption during a prior tour involving Plaintiffs' counsel. The Court notes Defendants' account of a prior jail tour by Plaintiffs' counsel, at which counsel "addressed the inmates directly, introduced himself, announced that he was suing the Sheriff, and asked the inmates to give him their names if they wanted to help him with his lawsuit." [Filing No. 137 at 3-4.] Plaintiffs' counsel then, according to the Jail Commander, "put his arm around [inmates] and used his cell phone to take a selfie-style photo." [Filing No. 137 at 4.] Plaintiffs do not specifically dispute that this incident occurred, arguing only that their counsel has conducted other jail tours without incident (except for an incident during another visit when "the jail commander made a sarcastic remark to which [Plaintiffs' counsel] responded and caused a little bit of a ruckus in the administrative area but not in front of the inmates"). [Filing No. 140 at 2.]

The Court also notes – as did the Magistrate Judge in his Order – that Plaintiffs' counsel agreed to the restriction that he not be allowed to communicate directly with inmates during the inspection/tour. [*See* Filing No. 133-1 at 3-4 (Defendants' counsel stating in an email "we must insist that there be no communications or conversations directly with the inmates during the jail

---

[1] The Court may not consider new evidence that was not before the Magistrate Judge. *Herndon v. Indiana Department of Child Services and Debra Banghart*, 2016 WL 165013, *2 n.1 (N.D. Ind. 2016) ("[T[he district court can only consider the evidence that was before the Magistrate Judge as he made his ruling. To consider new evidence at this stage would 'essentially be conducting impermissible de novo review of the order'"). The Court does, however, briefly addresses why the new evidence Plaintiffs have submitted does not demonstrate that the Magistrate Judge's Order was clearly erroneous or contrary to law in any event.

tour/inspection" and proposing that the Jail assist Plaintiffs' counsel in setting up private attorney-client visits with certain inmates identified by Plaintiffs' counsel, and Plaintiffs' counsel responding "I agree with your proposal").]

Additionally, Plaintiffs have not explained why it is important to the discovery process that their counsel be permitted to communicate with inmates during the tour/inspection. Class Notices are posted throughout the Jail, which contain Plaintiffs' counsel's contact information. Moreover, as noted above, Defendants volunteered to arrange private attorney-client visits with the inmates of counsel's choosing. [Filing No. 133-1 at 4.] Plaintiffs agreed to this proposal.[2] [Filing No. 133-1 at 3.] The Court agrees with the Magistrate Judge that the discovery process will not be hindered if Plaintiffs' counsel speaks with inmates after the tour/inspection, rather than during the tour/inspection.[3]

In short, Plaintiffs have not provided any legal grounds for their Objection. They have not demonstrated how the Magistrate Judge's decision is clearly erroneous or contrary to law, instead only expressing disagreement with the decision and presenting information that was not presented

---

[2] Plaintiffs' counsel states in his Affidavit that he "did not agree in any way to not introduce myself" during the tour/inspection. [Filing No. 140-1 at 3 (emphasis omitted).] But Plaintiffs' counsel agreed to Defendants' proposal in their April 12, 2018 email that there be "no communications or conversations directly with the inmates during the jail tour/inspection." [Filing No. 133-1 at 4.] This would include any introduction by Plaintiffs' counsel.

[3] Plaintiffs' counsel's Affidavit and the article Plaintiffs submitted in support of their Objection largely relate to the substantive issue raised in this case – whether the Jail is overcrowded in violation of the United States Constitution. [*See* Filing No. 140-1 (Affidavit of Michael K. Sutherlin, containing, in part, statements regarding general conditions at the Jail); Filing No. 140-2 at 1-4 (newspaper articles entitled "Two more inmates charged in beating death at Henry County Jail" and "Ex-inmate: Henry County jail fire is rebuke of poor conditions").] Plaintiffs' counsel's other statements that he has participated in "perhaps 40 or more tours" of various jails and has "never had any attorney or court restrict my access to inmates or restrict my access to touring the jail" are irrelevant to whether the Magistrate Judge's findings in this case were contrary to law. [*See* Filing No. 140-1 at 2.]

in response to Defendants' Motion for Protective Order. Plaintiffs' Objection relating to the parameters for a Jail tour/inspection set forth in the Magistrate Judge's June 1, 2018 Order is **OVERRULED.**

### B. Photos and Video of Jail Security Cameras

Plaintiffs also argue in their Objection that their counsel should be allowed to "take pictures and document the security conditions" at the Jail. [Filing No. 140 at 2.] This argument is puzzling for two reasons. First, this issue was not before the Magistrate Judge, as Defendants did not request a protective order related to Plaintiffs' counsel photographing or videotaping the security cameras at the Jail. [*See* Filing No. 133 at 7 (requesting protective order providing that: "(a) no special introduction of Plaintiffs' counsel or explanation of the purpose of their visit shall be made during the upcoming jail tour/inspection; and (b) Plaintiffs' counsel shall not speak to, address, or otherwise communicate with the inmates, either individually or in groups, during the upcoming jail tour/inspection").] Second, Defendants' counsel has conveyed to Plaintiffs' counsel that he may "photograph and video record any security equipment and surveillance cameras in plain view" during his tour/inspection. [Filing No. 133-1 at 4.] Because this is a non-issue, and was not raised in Defendants' Motion for Protective Order nor discussed by the Magistrate Judge in the June 1, 2018 Order in any event, Plaintiffs' Objection is **OVERRULED**.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' Objection to the Magistrate Judge's June 1, 2018 Order, [140].

The Court is compelled to address one other issue – specifically, the Court is disturbed by Plaintiffs' counsel's attacks on Defendants' counsel, both leading up to the April 17

tour/inspection and carrying over into the briefing of Defendants' Motion for Protective Order and Plaintiffs' Objection. Specifically, the Court notes the following examples:

- Defendants' counsel's email in which she recounts Plaintiffs' counsel calling her "ignorant" during a telephone call regarding the tour/inspection, [[Filing No. 133-1 at 5](Filing No. 133-1 at 5)];

- Plaintiffs' counsel's statement that Defendants' counsel "began to invent reasons why" it was inappropriate for Plaintiffs' counsel to introduce himself to inmates, [[Filing No. 135 at 4](Filing No. 135 at 4)];

- Plaintiffs' counsel's statement that he believes Defendants' counsel is attempting to control him "rather than conduct discovery in a professional and courteous manner," [[Filing No. 135 at 4](Filing No. 135 at 4)]; and

- Plaintiffs' counsel's statement that he believes Defendants' counsel "is making this a personal matter rather than representing her client's interests," [[Filing No. 140-1 at 3](Filing No. 140-1 at 3)].

The Court reminds Plaintiffs' counsel of the "Lawyers' Duties to Other Counsel" set forth in the Seventh Circuit Standards for Professional Conduct. Paragraphs 1 provides that an attorney "will treat all other counsel…in a civil and courteous manner, not only in court, but also in all other written and oral communications," and Paragraph 4 states that an attorney will not "absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety." The Court cautions Plaintiffs' counsel that his statements approach – if not cross – the lines drawn by these standards, and he should take care not to approach those lines again.

Date: 7/17/2018

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**