UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CHRISTOPHER BAKER, | ) |
| *Plaintiff*, | ) |
| | ) |
| *vs.* | ) 1:16-cv-03026-JMS-MPB |
| | ) |
| RICHARD MCCORKLE, ET AL., | ) |
| *Defendants*. | ) |

**ORDER**

On November 4, 2016, Plaintiff Christopher Baker, along with four other plaintiffs, initiated this action against Defendants Henry County Sheriff Richard McCorkle, the Henry County Commissioners, and the Henry County Council. [Filing No. 1.] Plaintiffs asserted their claims individually and on behalf of a class of present and future inmates of the Henry County Jail (the "Jail"), to redress allegedly unconstitutional conditions at the Jail stemming from overcrowding. After resolving several pre-trial issues, the Court found that only Mr. Baker had alleged viable claims and certified a class of "any and all persons currently confined or who will in the future be confined in the Henry County Jail" for purposes of declaratory and injunctive relief only. On June 27, 2019, the Court decertified the class based on inadequacy of class counsel, noted that it did not appear that Mr. Baker asserted individual claims, and ordered him to file a motion to dismiss the case. [Filing No. 185.] Instead, Mr. Baker filed a "Response" to the Court's Order, asserting that he is entitled to damages on his individual claims. [Filing No. 187.] Defendants have moved for summary judgment on Mr. Baker's individual claims, [Filing No. 189] – to the extent they exist – and that motion is now ripe for the Court's ruling.

**I.**
**STANDARD OF REVIEW**

A motion for summary judgment asks the Court to find that a trial is unnecessary because

1

there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th

2

Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them." *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### STATEMENT OF FACTS

The following factual background is set forth pursuant to the standards detailed above. The facts stated are not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light most favorable to "the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

Along with claims on behalf of a class of "all present and future inmates of [the Jail]," Mr. Baker alleges in the Complaint that while an inmate at the Jail:

- "He has had to sleep on the floor for one hundred fifteen (120) (sic) days with nothing but a one-inch thick, moldy mat";

- "There is mold on the walls, ceiling, and floor of his cell";

- "He has not been permitted to use the outside recreation areas since April"; and

- "He has been forced to sleep naked in a padded cell and to share that cell with another naked inmate."

3

[Filing No. 1 at 1; Filing No. 1 at 6-7.]

Defendants, which include Henry County Sheriff Richard McCorkle and several Henry County Commissioners and Council members, asserted as an affirmative defense their contention that Mr. Baker failed to comply with the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). After haphazard briefing by the Plaintiffs, the Court held a hearing on March 7, 2017, the parameters of which were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), and found that Mr. Baker was not required to file a grievance related to his first allegation – that he had to sleep on the floor – because the Jail's Inmate Handbook only required the filing of grievances for "matter[s] within the control of the facility." [Filing No. 68 at 12.] Accordingly, the Court concluded, exhaustion of administrative remedies under the PLRA was not required because the allegation related to overcrowding, which, according to the Sherriff McCorkle, was a matter outside the Jail's control. [Filing No. 68 at 10 (discussing 42 U.S.C. § 1997e(a)'s requirement that a prisoner exhaust "such administrative remedies as are available" before bringing a suit related to prison conditions).]

As to Mr. Baker's remaining allegations – those related to mold, not being permitted to use the outside recreation area, and being forced to sleep naked in a padded call and to share the cell with another naked inmate – the Court found that those allegations were not related to overcrowding and could have been addressed by the Jail and potentially resolved. [Filing No. 68 at 14.] Consequently, the Court found that because Mr. Baker had not filed grievances as to those allegations, he could not pursue them in the litigation. The Court also acknowledged that Mr. Baker had plausibly alleged some claims on behalf of the class related to overcrowding, including increased fighting due to overcrowding. [Filing No. 68 at 15.] Mr. Baker did not allege in the Complaint that he personally was subject to increased fighting due to overcrowding. [Filing No.

1.] His only allegation that is arguably related to overcrowding and that is specific to him is that he had to sleep on the floor. [Filing No. 1.]

On July 28, 2017, the Court certified a class of "any and all persons currently confined or who will in the future be confined in the Henry County Jail." [Filing No. 85; Filing No. 126.] The class was certified to pursue constitutional claims related to overcrowding at the Jail, and to seek declaratory and injunctive relief only. The case appeared to languish for a period of time, perhaps due to Mr. Baker's former counsel's health. Mr. Baker filed a Statement of Claims and Damages on April 8, 2019, in which he noted that "[t]here are no special damages with regard to Mr. Baker." [Filing No. 170.] Subsequently, after considering briefing by the parties, the Court decertified the class due to inadequacy of class counsel,[1] noted that Mr. Baker did not appear to have any individual claims based on his Statement of Claims and Damages, and ordered Mr. Baker to file a motion to dismiss the lawsuit. [Filing No. 185.] Mr. Baker then filed a Response to the Court's Order to File Motion to Dismiss, in which he stated that "the Court…incorrectly presumed that there were no damage claims available" to him. [Filing No. 187 at 1.] Defendants then filed the pending Motion for Summary Judgment. [Filing No. 189.]

### III.
#### DISCUSSION

In their Motion for Summary Judgment, Defendants argue that Mr. Baker cannot recover monetary damages as a member of the class because the class was only certified for purposes of declaratory and injunctive relief. [Filing No. 190 at 4-5.] They contend that Mr. Baker cannot add claims through his Statement of Claims and Damages, and has not alleged claims related to the

---

[1] In decertifying the class, the Court found that there would be no harm to the class because an identical class – which seeks the same injunctive relief sought in this case – has been certified in another case pending in this District, *Bell v. Sheriff of Henry County*, No. 1:19-cv-557-SEB-MJD.

lockdown of inmates due to a shortage of staff, a lack of indoor recreation, and other issues not raised in the Complaint. [Filing No. 190 at 5.] Defendants also argue that Mr. Baker did not plead an individual claim related to inmate fighting due to overcrowding, such as a failure to protect claim, so he may not recover on that theory. [Filing No. 190 at 5-6.]

In his response, Mr. Baker "challenges the [C]ourt's ruling as to the limited damages for which Mr. Baker may recover and argues that the aggregate conditions and the reasonable effects they would have on his physical and mental wellbeing amount to punishment in violation of the U.S. Constitution." [Filing No. 197 at 1.] He points to his testimony at the *Pavey* hearing that his cell block was overcrowded with inmates sleeping on the floor, and argues that he "sets forth his individual claims under the Fourth, Fifth, and Fourteenth Amendment Rights separate from the class action portion of the complaint." [Filing No. 197 at 8.] Mr. Baker relies upon the Declaration of Kenneth Whipker, Executive Liaison for Sheriff and County Jail Operations for the Indiana Department of Correction, to argue that the Jail was overcrowded. [Filing No. 197 at 9 (discussing Filing No. 196-2).] Mr. Baker asserts that decertifying the class has no bearing on his individual claims and that, because compensatory damages can only be awarded if there is proof of actual harm, nominal damages are appropriate in this case. [Filing No. 197 at 11-12.] He argues that "any nontrivial punishment of a person not yet convicted [is] a sufficient deprivation of liberty to entitle him to due process of law." [Filing No. 197 at 12.]

Defendants argue in their reply that Mr. Baker's theory that he can assert individual claims for the aggregate conditions whose reasonable effects would be to cause physical and mental injuries ignores the Court's prior rulings limiting his claims. [Filing No. 200 at 1-2.] Defendants note that the Court ruled that Mr. Baker could not use Mr. Whipker's testimony in the litigation, and argue that Mr. Baker did not properly grieve an "aggregate conditions/reasonable effects"

6

claim or plead it in his Complaint. [Filing No. 200 at 3-4.] Defendants contend that Mr. Baker did not assert an individual claim based on any assaults by inmates due to overcrowding in his Complaint and that, even if he had, he abandoned it by not including it in his Statement of Claims and Damages and, in any event, has not presented any evidence to support such a claim. [Filing No. 200 at 4-6.]

The Court notes at the outset that numerous briefs and documents that Mr. Baker has filed in this case have been confusing and difficult to understand. As it has done throughout this litigation, the Court has attempted to decipher these filings but also hold Mr. Baker to the statements in his filings. This has not always been an easy balance.

In his Complaint, Mr. Baker raised four individual claims: (1) he had to sleep on the floor with nothing but a one-inch thick, moldy mat; (2) there was mold on the walls, ceiling, and floor of his cell; (3) he was not permitted to use the outside recreation area for a period of time; and (4) he was forced to sleep naked in a padded cell and to share that cell with another naked inmate. [Filing No. 1 at 6-7.] These are the only claims Mr. Baker raised on his own behalf, separate and apart from the class claims set forth in the Complaint. After the *Pavey* hearing, the Court found that Mr. Baker had not exhausted his administrative remedies for the last three allegations. [Filing No. 68 at 13.] As to his allegation that he had to sleep on the floor, the Court found that this related to overcrowding and was beyond the control of Jail officials so, according to the grievance procedure set forth in the Inmate Handbook, he was not required to file a grievance related to overcrowding in order to exhaust his administrative remedies. [Filing No. 68.]

The Court also found that the Complaint raised some general allegations of overcrowding in Mr. Baker's cell block, and increased fighting caused by overcrowding. [Filing No. 68 at 14-15.] It did not find that Mr. Baker properly alleged individual claims for these additional

7

overcrowding-related claims – indeed, Mr. Baker does not allege in the Complaint that he personally was subjected to increased fighting due to overcrowding.[2] Rather, in finding that Mr. Baker was not required to grieve issues related to overcrowding, the Court's ruling gave Mr. Baker the green light to pursue claims related to overcrowding in his cell block and increased fighting caused by overcrowding on behalf of the class, provided he could meet the requirements for class certification. As discussed above, Mr. Baker initially met those requirements and the Court certified a class, but recently decertified the class due to inadequacy of class counsel. Mr. Baker may attempt to pursue class claims as a member of the class certified in the *Bell* case, also pending in this District. Mr. Baker's only viable individual claim, however, is for being required to sleep on the floor in his cell. It is the only claim he alleged individually in the Complaint, and for which he was not required to exhaust administrative remedies.

As for whether Mr. Baker abandoned that claim in his Statement of Claims and Damages, the Court again notes the often-times jumbled and confusing nature of Mr. Baker's filings in this litigation. His Statement of Claims and Damages is one such example, in which he states "[w]ith regard to damages, the named plaintiff on behalf of all class members are suffering because of the unconstitutional conditions and the plaintiffs will seek $50.00 a day for each class member in the jail since the lawsuit was filed. There are no special damages with regard to Mr. Baker." [Filing No. 170 at 2.] Significantly, Mr. Baker filed his Statement of Claims and Damages after the Court had certified a class only for purposes of seeking declaratory and injunctive relief. His statement that he is seeking $50.00 a day for each class member contradicts the Court's class certification Order.

---

[2] The fact that Mr. Baker testified at the *Pavey* hearing that he was involved in fights while an inmate is not enough to give him an individual claim related to fighting. Again, he has not alleged such an individual claim in the Complaint.

8

That said, the Court does not read Mr. Baker's Statement of Claims and Damages as abandoning his individual claim related to sleeping on the floor. First, Mr. Baker fairly raised his claim related to sleeping on the floor due to overcrowding in his Statement of Claims and Damages. [Filing No. 170 at 2 (stating "[t]here are three, sometimes four inmates in a cell area designed for two").] Second, his representation that "[t]here are no special damages with regard to Mr. Baker" is not clear. It could mean that he does not seek anything over $50.00 a day, it could mean that he does not seek anything above nominal damages, or it could mean something entirely different.

In order to recover anything more than nominal damages for sleeping on the floor, Mr. Baker would need to show that he suffered a physical injury. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury…." ). Given Mr. Baker's concession in his response to Defendants' Motion for Summary Judgment that he is only entitled to nominal damages in connection with his individual claim, [Filing No. 197 at 11-12], the Court reads his Statement of Claims and Damages to mean that he does not seek any compensatory damages over and above nominal damages.³ Moreover, Mr. Baker states in the Statement of Claims and Damages that he seeks attorneys' fees and punitive damages, [Filing No. 170 at 2], and he is not precluded from doing so under the PLRA, even in the absence of a showing of physical injury. *Gray v. Hardy*, 826 F.3d 1000, 1007 (7th Cir. 2016)

---

³ This finding is not contrary to the Court's notation in its Order Decertifying Class that "[i]t does not appear that Mr. Baker is asserting any individual claims in this case" based on his Statement of Claims and Damages. [Filing No. 185 at 2.] As discussed, Mr. Baker's statement regarding "special damages" is not clear. But, when read in context alongside his response to Defendants' Motion for Summary Judgment, the Court finds it does not amount to an abandonment of his individual claim related to sleeping on the floor.

9

("[a]lthough § 1997e(e) would bar recovery of compensatory damages for mental and emotional injuries suffered, the statute is inapplicable to awards of nominal or punitive damages for the Eighth Amendment violation itself") (citation and quotation omitted).

In sum, after the Court's rulings in connection with the *Pavey* hearing and after the Court decertified the class in this case, Mr. Baker's individual claim for sleeping on the floor due to overcrowding at the Jail remains. Mr. Baker may pursue nominal damages, attorneys' fees, and punitive damages for this claim.[4] To this extent, Defendants' Motion for Summary Judgment, [Filing No. 189], is **DENIED**. With respect to any other claim, it is **GRANTED**.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES in part** Defendants' Motion for Summary Judgment. [189]. Mr. Baker's individual claim for being required to sleep on the floor due to overcrowding while a Jail inmate remains, and he may seek nominal damages, attorneys' fees, and punitive damages. The Court **GRANTS in part** Defendants' Motion for Summary Judgment with respect to any other claim. The Court requests that the Magistrate Judge meet with the parties to discuss the resolution of this matter short of trial. Absent such a resolution, trial is scheduled to take place on January 27, 2020.

Date: 10/15/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[4] The Court stated in a May 24, 2019 Order that Mr. Baker may not rely in any way upon Kenneth Whipker's Declaration or testimony in this litigation because the Declaration was prepared by Mr. Baker's counsel and not Mr. Whipker, and because Mr. Baker filed his expert disclosures late. [Filing No. 173.] Mr. Baker's use of Mr. Whipker's Declaration in support of his response to Defendants' Motion for Summary Judgment was in direct contravention of the Court's May 24, 2019 Order. To reiterate, Mr. Baker may not rely in any way on the Declaration of Mr.Whipker, or present testimony from Mr. Whipker, in support of his individual claims.

**Distribution via ECF only to all counsel of record**